Mr. Justice McKINSTRY did not express an opinion.

[No. 3697.]

## HENRY RINGSTORF *v.* CHARLES GUTH.

SURVEY OF SWAMP LANDS.—The State Surveyor-General, in surveying swamp and overflowed lands, should conform his survey in the field to the surveys of the upland adjoining made by the United States; but if he does not do so, and the survey and stakes and marks in the field place a line between sections or subdivisions to the one side or the other of the United States survey, the courts will not inquire into the matter, but parties who purchase the lands on either side of the line are bound by this survey in the field.

SWAMP AND OVERFLOWED LANDS.—Parties who purchase from the State adjoining subdivisions of swamp and overflowed lands, are bound by the lines between the sections or subdivisions fixed by the survey made in

the field by the State Surveyor-General, even if such lines do not coin-
cide with the United States survey, or with the field notes sent to the
office of the Surveyor-General of the State.

APPEAL from the District Court, Twentieth Judicial District, County of Santa Clara.

On the 3d day of October, 1861, M. Gray, the defendant's grantor, made application to purchase the west half of the northwest one quarter of section ten (10), and, upon such application, the County Surveyor of Santa Clara County surveyed the land, and on the 8th day of March, 1865, a patent was issued by the State to said Gray. The defendant bought of Gray, and received his deed in February, 1867, and entered into possession. The county surveyor, at the time he made the above survey, also surveyed for one Rich the northeast quarter of section nine (9). A few months thereafter, a certificate of purchase was issued to him, and a State patent was issued to his assignee, John Bernard, in May, 1868. Bernard sold to the plaintiff in July, 1869, and the plaintiff and his grantors had been in possession since 1859. In 1868, the upland adjoining the land was sectionized by the United States. The official survey and field notes of the county surveyor, forwarded to the State land office, did not conform to the survey made in the field, nor to the stakes and marks as placed in the field by him, but did conform to the United States survey. The State Surveyor placed the stakes and ran his survey in the field in the centre of a traveled road, but his field notes, as sent to the Surveyor-General's office, placed the line so as to correspond with the United States survey. Rich was present, and assisted in the survey. The plaintiff recovered judgment, and the defendant appealed.

The other facts are stated in the opinion.

*F. E. Spencer,* for the Appellant.

The survey for both plaintiff and defendant was made by the authorized agent of the State, and both parties purchased and held in conformity therewith. And the lines of

this survey have been distinctly marked and traced upon the ground; they, therefore, constitute the boundaries of the land sold by the State, and the State, and those holding under her, are bound thereby. (*Lindsey* v. *Howes,* 2 Black, 554; *McClintock* v. *Rogers,* 11 Ill. 279; *Malone* v. *Sallada,* 48 Penn. 419.)

The plaintiff is estopped from denying the correctness of the surveys in question. (*Yates* v. *Shaw,* 24 Ill. 367; *Reed* v. *Farr,* 35 N. Y. 113; *Watt* v. *Ganall,* 34 Ga. 290; *Jordon* v. *Deaton,* 23 Ark. 704.)

*Houghton & Reynolds,* for the Respondent.

The official survey upon which the Gray patent issued does not conform to the lines as run in the field, but does agree with the certificate of purchase and patent of plaintiff's grantor.

We submit, therefore, that the political department of the government acted upon the survey as returned, and the State was not concluded by any stakes that may have been set, or lines that were run on the ground, if they did not agree with the field notes and survey returned, and upon which the certificate and patent issued.

By the Court, McKinstry, J.:

The grantors of plaintiff and defendant were swamp land purchasers. The county surveyor ran the west line of the tract purchased by the grantor of plaintiff so that it coincided with the east line (run by the same officer) of the tract purchased by defendant's grantor. Patents were issued for both tracts, describing the one as the northeast quarter of section *nine,* and the other as the west half of the northwest quarter of section *ten* of a certain township. When the applications and surveys were made, and when the patents were issued, the "uplands" opposite the swamp land in controversy had been *townshiped* but not *sectionized* by the United States. When the section lines were subsequently established, it appeared that the line which, if extended from the upland, would constitute the dividing-line

between sections nine and ten, should run parallel with and about eighty feet east from the line as actually run by the county surveyor, between the tracts of plaintiff and defendant. This action was brought to recover the land lying between the said division-line as run by the county surveyor, and a line eighty feet to the eastward thereof.

Section 6 of the act of April 21, 1858 (Hittell's Digest, Art. 4086), requires that the certificate of purchase shall designate the lands by their proper sections, townships and ranges "connected with the United States surveys;" and Section 11 of the same act directs that "all surveys shall be made according to the instructions from the Surveyor-General, and shall be made to conform to the surveys of the public land by the General Government." The statute makes the county surveyor the agent of the State, to connect the swamp surveys with the United States surveys. It is the duty of the Surveyor-General of the State to give proper instructions, and for the county surveyor, in carrying out such instructions, to measure from and connect his lines with the upland surveys. But this is the action of the political department of the State government, through ministerial officers. The survey in the field must prevail. The courts will not inquire whether a line was actually marked eighty feet or one foot from its true position; will no more inquire whether the county surveyor made a mistake than whether the United States surveyor improperly marked the lines of the upland survey.

Judgment and order reversed, and court below directed to set aside the conclusion of law, and to enter judgment for defendant.

Mr. Chief Justice WALLACE did not express an opinion.